# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIRK BAHAM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2605** |
| **WARDEN HOWARD PRINCE** | **SECTION "R"(5)** |

## TRANSFER ORDER

Petitioner, KIRK BAHAM, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 2001 state court conviction and sentence for attempted armed robbery.[1]

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Kirk Baham v. Terry Terrell, Warden</u>, Civil Action 07-4075 "R"(5). In that petition, petitioner raised the following ground for relief:

1)  He was denied his right of access to the courts with respect to his two state post-conviction applications.

That petition was dismissed with prejudice on the merits by Judgment entered October 13, 2009. Petitioner did not appeal that judgment.

---

[1] Petitioner has not articulated grounds for habeas relief in the instant petition, much less any claims regarding why it should not be considered a prohibited second or successive petition.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that KIRK BAHAM's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631

for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

    New Orleans, Louisiana, this  31st  day of      October     , 2011.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE